UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

LINDA KILLEN                         CIVIL ACTION NO. 07-1600

VERSUS                               JUDGE WALTER

ATLANTIC PAPER & FOIL, LLC           MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

**Introduction**

Linda Killen ("Plaintiff") filed suit in state court against Sharp Electronics Corporation ("Sharp"), Atlantic Paper & Foil, LLC, and Atlantic Foil & Paper Corp. of N.Y., Inc. ("the Atlantic defendants"). Sharp filed a Notice of Removal based on an assertion of diversity jurisdiction. Neither of the Atlantic defendants joined the Notice of Removal, but Sharp included an assertion that: "All defendants consent to removal of this action, and join in this Notice of Removal." Plaintiff filed a Motion to Remand (Doc. 15) on the grounds that all served defendants did not join in the removal. For the reasons that follow, the Motion to Remand must be granted.

**Relevant Facts**

Plaintiff filed suit in state court. The record reflects that long-arm service was made on all three defendants on August 28, 2007. Sharp filed a Notice of Removal on September 24, 2007. Sharp's Notice of Removal is signed only by Sharp's counsel, and there is no indication in the body of the document or signature line that the counsel represented any

other party. The notice of removal addresses the citizenship of the Atlantic defendants, but it makes no other specific mention of them. Paragraph XVII does include the assertion: "All defendants consent to removal of this action, and join in this Notice of Removal." The certificate of service on the Notice of Removal shows that counsel for Sharp served it on the Atlantic defendants through an attorney, which indicates that Sharp was in communication with counsel for the Atlantic defendants about the case even though the Atlantic defendants had not formally appeared in the litigation.

Plaintiff filed her Motion to Remand on October 19, 2007, which was within the 30-day period permitted by 28 U.S.C. § 1447(c) to raise procedural defects in the removal. Three days later, but 55 days after the defendants were served, counsel for the Atlantic defendants filed a Consent to Removal. Doc. 17. Three more days later, on October 25, 2007, the Atlantic defendants filed a memorandum in opposition that is backed by an affidavit from their attorney. Counsel for Atlantic testifies that, prior to removal, "through both telephonic and e-mail conversations, he gave express consent for removal of this matter to . . . counsel for Sharp Electronics Corporation, on behalf of [the Atlantic defendants]." Counsel adds that he gave the attorney for Sharp "the express permission to include the consent of" the Atlantic defendants in the Notice of Removal. This affidavit was, of course, filed long after the 30-day removal period had passed.

**Analysis**

The rule of unanimity requires that all then-served defendants join in a notice of removal or timely file a written consent to the removal. <u>Farias v. Bexar County Board of Trustees</u>, 925 F.2d 866, 871 (5th Cir. 1991); <u>Riles v. Stevens Transport, Inc.</u>, 2006 WL 3843029, *1 (W.D. La. 2006). Because all served defendants must join in the removal, and because the notice of removal must be filed within 30 days of service on the first defendant, "all served defendants must join in the [notice of removal] no later than thirty days from the date on which the first defendant was served." <u>Getty Oil Corp. v. Insurance Co. of N. America</u>, 841 F. 2d 1254, 1263 (5th Cir. 1988).

The Consent to Removal filed by the Atlantic defendants 55 days after service on Sharp is of no relevance. The same is true of the affidavit from counsel that was filed even later. Defendants cite <u>Glover v. W. R. Grace & Co., Inc.</u>, 773 F. Supp. 964 (E.D. Tex. 1991) in which the court denied a motion to remand where a served defendant who did not join in the removal did file an answer (indicating consent) in the federal court four days after the 30-day removal time limit had passed. That decision, with due respect, appears to be contrary to <u>Getty Oil</u> and other Fifth Circuit authority. As noted in <u>Thompson v. Louisville Ladder Corp.</u>, 835 F. Supp. 336 (E.D. Tex. 1993), that aspect of <u>Glover</u> is inconsistent with Fifth Circuit jurisprudence and "was probably wrongly decided." <u>Getty Oil</u> makes clear that the

Consent to Removal and affidavit from counsel filed by the Atlantic defendants after the 30-day removal period cannot cure any defects that exist in the Notice of Removal.[1]

The focus now turns to the Notice of Removal and whether Sharp's simple assertion that all defendants consent to and join in the removal is adequate. In Getty Oil, three defendants were served with a state court petition. One defendant filed a notice of removal that was joined in by the second defendant. The third defendant (NL) attempted to join the removal more than 30 days after service on the first defendant, but (as discussed above) the Fifth Circuit held that the tardy effort to join the removal was meaningless. The defendants argued that the notice of removal filed by two of the three defendants was sufficient because the notice alleged (mistakenly) that NL had not been served and "therefore . . . need not join the removal Petition," and that NL "do[es] not oppose and consent[s] to this Petition for Removal."[2] Getty Oil, 841 F.2d at 1262 n.11.

The Fifth Circuit explained that while only consent to removal is required, "a defendant must do so itself." Id. The Court continued: "This does not mean that each

---

[1] Judge Vance addressed a case similar to Glover in Morales v. Shaffer, 2007 WL 3237457 (E.D. La. 2007). One of the served defendants did not join the notice of removal but did file an answer in federal court more than 30 days after service on the first defendant. The defendants argued that the answer constituted sufficient consent. Judge Vance rejected the argument, citing Getty Oil, and noted that "[t]he requirement that a defendant give consent within 30 days after the first defendant receives service is a rigid rule."

[2] Congress amended 28 U.S.C. § 1446 in 1988 and changed the name of the document that is filed in federal court to remove a case. What used to be a petition for removal became a notice of removal. See Badon v. RJR Nabisco Inc., 224 F.3d 382, 388-89 (5th Cir. 2000).

defendant must sign the original petition for removal, but there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do, that it has actually consented to such action." Id. "Otherwise, there would be nothing on the record to 'bind' the allegedly consenting defendant." Id.

INA, the removing defendant in Getty Oil, made an allegation, similar to Sharp's allegation in this case, that NL did not oppose and consented to the removal. The Fifth Circuit held that was inadequate because "it does not allege that NL has authorized INA to formally (or otherwise) represent to the court on behalf of NL that NL has consented to the removal." Id. The same is true in this case. Sharp made a conclusory assertion that all defendants joined in the removal, but Sharp did not make any timely allegations that the Atlantic defendants had authorized Sharp to formally or otherwise represent to this court that the Atlantic defendants had consented to removal, and there is nothing in the Notice of Removal that would so much as hint at a basis for binding the Atlantic defendants to any statement in the notice.

Plaintiff has timely moved to remand based on a procedural defect in the removal. The facts do not reflect adequate, timely consent or indication of consent by all served defendants, so remand is required. This result is consistent with Getty Oil and its application in cases such as Morales, Hammonds v. Youth For Christ USA, 2005 WL 3591910 (W. D. Tex. 2005) and Aucoin v. Gulf South Pipeline Co., LP, 2004 WL 1196980 (E. D. La. 2004).

The latter two cases, like this one, featured a notice of removal not joined by all served defendants, a general averment by the removing defendant that all defendants did consent, a lack of recitation in the notice of removal of any authority to make that consent on behalf of the other defendants, and efforts – more than 30 days after the first defendant had been served – by the other defendants to join in the removal or show that the removing defendant had their permission to consent to the removal. Remand was ordered in both cases, and that is the proper result in this case as well. A procedural removal rule was not satisfied, and no defendant argues that this case fits an exception to the rule or that there are exceptional circumstances that would excuse the error. Accordingly, the **Motion to Remand (Doc. 15)** will be **granted**, subject to the stay set forth in the accompanying order.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 3rd day of December, 2007.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE